UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16-CR-44-2 |
| | ) |
| ANLUSHAN EVANS | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Anlushan Evans's Motion for Early Termination of Supervised Release [Doc. 226], and the United States's Response in Opposition [Doc. 227]. In December 2016, Mr. Evans pleaded guilty to conspiracy to distribute and possession with the intent to distribute more than 28 grams but less than 280 grams of a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) [Plea Agreement, Doc. 90, at 1]. At sentencing, the United States Probation Office prepared and filed a presentence investigation report, in which Mr. Evans received a criminal history category of V [PSR, Doc. 106 at 22].

Mr. Evans was sentenced to a total of 76 months' imprisonment and a term of 5 years of supervised release [Judgment, Doc. 168, at 2-3]. After completing his term of imprisonment, Mr. Evans repeatedly violated the conditions of his term of supervised release. He was consistently dishonest with his probation officer, failed a drug screen, moved without permission, and had contact with known felons [United States Resp., Doc. 227, at 1]. As a result of these violations, Mr. Evans entered into an agreed order of revocation which subjected him to 12 months and 1 day of imprisonment and a 23-month term of supervised release [Agreed Order, Doc. 219].

Now on his second term of supervision, Mr. Evans moves the Court for early termination of his supervised release, which expires in July 2026 [Def. Mot., Doc. 226]. In support of his

motion, he states that he is gainfully employed, participating in counseling, and has incurred no new violations, arrests, or issues of non-compliance [*Id.*]. As an initial matter, none of these factors guarantee early termination of his supervision. *See United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (recognizing that early termination of supervised release requires "exceptionally good behavior" (quotation omitted)); *see also United States v. Laine*, 2010 WL 5173850, at *2 (3d. Cir 2010) (stating that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," and "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release."); *United States v. Etheridge*, 999 F. Supp.2d 192, 197 (D.D.C. 2013) ("[A] defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance." (quotation omitted)); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (acknowledging that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." (citations omitted)).

Rather, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release, the Court may—in its discretion—

terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Evans has the burden of establishing that his conduct warrants early termination of his supervision. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010); *Atkin*, 38 F. App'x at 198.

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Mr. Evans's conduct—commendable though it is—and the interest of justice warrant early termination of his supervision. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Peters*, 856 F. App'x 230, 233, 234–35 (11th Cir. 2021) (recognizing that a "district court's order [denying early termination] must demonstrate that it considered the[] factors [under § 3553(a)], but it need not explain how each factor applies or explicitly state that it considered them," and then affirming the district court's denial of early termination because the district court had "consider[ed] . . . the relevant § 3553(a) factors" and "weighed each piece of evidence [the defendant] submitted in support of terminating his supervised release—including family letters"); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (stating that a district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

3

Mr. Evans's offense of conspiracy to distribute and possession with intent to distribute more than 28 grams of cocaine base is sufficiently serious to warrant his continued supervision, as is his criminal history and his violations of supervised release. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense[.]" (citations omitted)); *see also* 18 U.S.C. § 3553(a)(2)(A) (requiring courts to take into account "the seriousness of the offense"); *cf. Suber*, 75 F. App'x at 444 (affirming the district court's denial of the defendant's request for early termination partly because his "heroin distribution and conspiracy to distribute heroin was sufficiently grave to warrant continued supervised release"). In addition, the continuation of Mr. Evans's supervision is necessary to promote respect for the law, deter him from engaging in criminal conduct, and protect the public from further criminal conduct—particularly in light of his episodes of non-compliance, which concern the Court as they are related to substance abuse and dishonesty. Further, both the United States Probation Office and United States Attorney's Office oppose Mr. Evan's Motion for Early Termination and believe that he would benefit from continued supervision [United States's Resp., Doc. 227, at 2]. Therefore, Mr. Evans's motion for early termination of supervised release [Doc. 226] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4